UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS, CDCR #V-34099,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br><br>J. GALLEGOS, Correctional Counselor; and B. BELTRAN, Senior Psychologist,<br>　　　　　　　　　　　Defendants. | Case No.: 22-CV-1757 JLS (DDL)<br><br>**ORDER: (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) AND (2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF No. 2) |

　　　　Plaintiff John Wesley Williams ("Plaintiff" or "Williams"), proceeding pro se and incarcerated at Richard J. Donovan Correctional Facility ("RJD"), has filed a civil rights action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). Williams is a frequent litigator in California's district courts, and in his current pleading he alleges Defendant Correctional Counselor J. Gallegos reported and considered "erroneous and inflammatory" sexual offense history during a Classification Committee hearing. *Id.* at 3–4; *see also* ECF No. 1-2 at 5–6. Williams further contends both Gallegos and Defendant Senior Psychologist B. Beltran conspired to remove him from a "work pay position," and assigned him to an "educational setting" that triggered traumatic memories and prompted acts of

1

self-harm. Compl. at 4–5. After Williams filed grievances regarding these issues, he claims Gallegos threatened to expose his sexual offense history to the "whole yard" if he "follow[ed] through" with his grievances. *Id.* at 5. Williams seeks injunctive relief preventing "ongoing terrorism by transfer from RJD[]," and unspecified "exemplary, prospective, compensatory, and special damages." *Id.* at 10.

Williams did not pay the filing fee required to commence a new civil action; instead, he filed a Motion to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2 ("IFP Mot."). However, because Williams has had far more than three civil actions or appeals dismissed as frivolous or for failure to state a claim upon which relief can be granted in the past, and because he does not allege facts to plausibly demonstrate imminent danger of serious physical injury at the time he filed his Complaint in this action, the Court **DENIES** his IFP Motion pursuant to 28 U.S.C. § 1915(g) and **DISMISSES** his case **WITHOUT PREJUDICE**. Williams still may prosecute the claims alleged in this action—but to do so he must tender a new complaint to the Clerk of the Court together with the full $402 civil filing fee required by 28 U.S.C. § 1914(a).

## MOTION TO PROCEED *IN FORMA PAUPERIS*

### I. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Williams, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in monthly installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended § 1915 to preclude the privilege of proceeding IFP in cases where the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

/ / /

28 U.S.C. § 1915(g); *Coleman v. Tollefson*, 575 U.S. 532, 535–36 (2015). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005); *Coleman*, 575 U.S. at 534. "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews*, 398 F.3d at 1116 n.1; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) [hereinafter "*Cervantes*"] (Under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997); *see also Coleman,* 575 U.S. at 535 (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "A strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724–25 (2020).

## II. Section 1915(g) Bar

Pursuant to Federal Rule of Evidence 201(c)(1), and based on a thorough review of federal court docket proceedings publicly available on PACER,[1] this Court finds that

---

[1] A court may take judicial notice of its own records. *See Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015). A court also "may take notice of proceedings in other courts, both within and without the

Plaintiff John Wesley Williams, identified as CDCR Inmate #V-34099, while incarcerated, has had seven prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, were malicious, or failed to state a claim upon which relief may be granted. They are:

1) *Williams v. Narramore, et al.*, Civil Case No. 2:03-cv-01972-UA-AJW (C.D. Cal., West. Div.): July 25, 2003 Order denying IFP and dismissing case for "failure to state a claim on which relief can be granted" pursuant to 28 U.S.C. § 1915(e) [ECF No. 6] (strike one);

2) *Williams v. Gonzer*, Civil Case No. 2:04-cv-08941-UA-AJW (C.D. Cal., West. Div.): Nov. 22, 2004 Order denying IFP and dismissing case for "failure to state a claim upon which relief may be granted" pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) [ECF No. 2] (strike two);

3) *Williams v. Young*, Civil Case No. 2:08-cv-01737-WBS-CMK (E.D. Cal.): June 4, 2010 Findings and Recommendations ["F&R"] to dismiss Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915A(b)(1)&(2) [ECF No. 55]; June 29, 2010 Order adopting F&R and dismissing case [ECF No. 57] (strike three);

4) *Williams v. Hubbard, et al.*, Civil Case No. 2:10-cv-01717-UA-FFM (C.D. Cal., West. Div.): July 6, 2010 Order denying IFP and dismissing case as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted" [ECF No. 3] (strike four);

5) *Williams v. Hubbard, et al.*, Ninth Circuit Appeal No. 10-56230: Nov. 4, 2010 Order denying appellant's motion to proceed IFP "because we find that the appeal is frivolous" [DktEntry 6]; Dec. 8, 2010 Order dismissing appeal for failure to prosecute [DktEntry 7][2] (strike five);

///

---

federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias*, 508 F.3d at 1225 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

[2] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.").

6) *Williams v. Harrington, et al.*, Civil Case No. 1:09-cv-01823-GSA (E.D. Cal.): May 25, 2012 Order dismissing civil action with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915A and 1915(e) [ECF No. 29] (strike six); and

7) *Williams v. Soto, et al.*, Ninth Circuit Appeal No. 14-15524: May 14, 2014 Order denying appellant's motion to proceed IFP "because we find that the appeal is frivolous" [DktEntry 7]; June 6, 2014 Order dismissing appeal for failure to prosecute [Dkt Entry 9] (strike seven).³

Accordingly, because Williams has accumulated more than the three "strikes" permitted by § 1915(g), he must make plausible allegations of imminent danger at the time he filed his Complaint; otherwise, he is not entitled to the privilege of proceeding IFP. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (noting that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Imminent Danger Exception

Once a prisoner has accumulated three strikes, §1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints that "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

---

³ The Court notes Williams has previously been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in this Court, and that Williams has had his IFP status revoked in the Northern and Central Districts of California as well. *See Williams v. Neotti, et al.*, Civil Case No. 3:10-cv-02672-H-BGS (S.D. Cal. Jan. 12, 2011) (ECF No. 3); *Williams v. Soto, et al.*, Civil Case No. 4:12-cv-03583-YGR (PR) (N.D. Cal. Mar. 7, 2014) (ECF No. 36); *Williams v. Moore, et al.*, Civil Case No. 2:13-cv-09522-PSG-FFM (C.D. Cal., West. Div., Mar. 10, 2015) (R&R recommending denying IFP as barred by 28 U.S.C. § 1915(g) [ECF No. 58]); (C.D. Cal. West. Div. May 4, 2015) (Order adopting R&R [ECF No. 60]); and *Williams v. Soto*, Civil Case No. 2:15-cv-01294-PSG-FFM (C.D. Cal., West. Div., Feb. 27, 2015) (Order denying IFP as barred by 28 U.S.C. § 1915(g) [ECF No. 5]).

Lest the exception "swallow the rule," the Ninth Circuit also "requires a nexus between the imminent danger and the violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Id.*

As described above, Williams's Complaint faults Defendants Gallegos and Beltran for allegedly conspiring to remove Williams from a paid work assignment and for threatening to reveal the nature of his underlying commitment offenses if he continued to pursue grievances related to his classification status and placement. *See* Compl. at 3–5. However, he does not claim that either Gallegos or Beltran actually exposed his criminal history to anyone. Nor does he allege having been attacked, targeted, or threatened by any fellow inmate based on his offense history, nor claim to have faced any other "imminent danger" on November 8, 2022, when he filed suit. *See Cervantes*, 493 F.3d at 1051–52. Instead, Williams merely identifies as a member of the *Coleman* and *Armstrong* classes,[4] and notes that more than a month after he was reassigned to an educational program by a Classification Committee on August 30, 2022, he experienced traumatic memories that caused him to cut himself. *Id.* at 4–5; *see also* Ex. A, ECF No.1-2 at 6 ("Classification

---

[4] *Armstrong* is a class action pending in the United States District Court for the Northern District of California that involves a "certified class of all present and future California state prison inmates and parolees with disabilities [who] sued California state officials in their official capacities, seeking injunctive relief for violations of the RA and the ADA in state prisons." *Armstrong v. Wilson*, 124 F.3d 1019, 1021 (9th Cir. 1997). "The *Coleman/Plata* actions are consolidated civil rights class actions pending in the United States District Court for the Eastern and Northern Districts of California." *Edelbacher v. Cal. Bd. of Parole Hearings*, No. 17-CV-04783-HSG (PR), 2017 WL 4340348, at *1 (N.D. Cal. Sept. 29, 2017). "The *Coleman* class action concerns the constitutional adequacy of the mental health care provided to CDCR inmates and involves the class of seriously mentally ill persons in California prisons. The *Plata* class action concerns the constitutional adequacy of CDCR's inmate medical health care and involves the class of state prisoners with serious medical conditions. The Three-Judge Court presiding over these class actions has issued various orders related to prison overcrowding and has required the State of California to undertake prison population reduction measures." *Id.*; *see also Patton v. Flores*, No. 3:19-CV-00659-WQH-LL, 2020 WL 4697978, at *2 n.3 (S.D. Cal. Aug. 13, 2020).

Committee Chrono"). Critically, he alleges this incident occurred nearly six weeks after the Classification Committee hearing, and he admits medical officials had already removed him from the educational assignment that triggered his PTSD *before* he filed suit. *See* Compl. at 5, *see also* Ex. B, ECF No. 1-2 at 2 ("Health Care Chrono CDC-128-C") (noting Plaintiff was no longer "cleared" for assignments permitting access to sharp objects, power tools, or any "educational programs" "due to his MH [mental health] factors").

Thus, based both on the allegations sworn in Williams's Complaint and the exhibits he attaches thereto and incorporates by reference,[5] the Court finds Williams has failed to demonstrate he is entitled to § 1915(g)'s "imminent danger" exception. *See Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). The Court is sympathetic and takes seriously his alleged act of self-mutilation on or about October 7, 2022, and assumes a prisoner's acts of self-harm could potentially "create the imminent danger" required to justify an exception to § 1915(g). *See e.g., Brown v. Newsom*, 2019 WL 3060063, at *2 (E.D. Cal. 2019) (noting that, "with rare exception, a plaintiff cannot 'create the imminent danger so as to escape the three strikes provision of the PLRA, and finding no imminent danger based on a prisoner's hunger strike in response to defendants' medically prescribed renal diet); *Sander v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017) (noting that not "all threats of self-harm by mentally ill prisoners permit them to proceed in forma pauperis"). However, to "meet the imminence prong of the three-strikes exception," Williams must allege the danger he faced was "ongoing" when he filed suit, "fairly traceable to the unlawful conduct alleged in his complaint," and "addressable by the court." *See Cervantes*, 493 F.3d at 1057; *Ray*, 31 F.4th at 701. He does not do so here.

In fact, Williams admits RJD health care officials had already revoked the educational assignment he claims triggered his self-injury and further denied him access to

---

[5] In screening a complaint, as upon consideration of a motion to dismiss pursuant to Rule 12(b)(6), the court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

sharp objects a month *before* he filed suit. See Compl. at 4–5 & Ex. B. Thus, even assuming Williams's own mental health could conceivably serve as a basis for invoking an exception to § 1915(g), circumstances involving "imminent danger" do not include past injury or generalized fears of possible future harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."). The "common definition of 'imminent' . . . does not refer only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's head.'" *Id.* at 1056. Thus, the imminent danger exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *see also Bender v. Segovia,* No. 21CV575-MMA-NLS, 2021 WL 2645910, at *2 (S.D. Cal. June 28, 2021) (finding allegations of past harm, including several incidents of alleged suicidal ideation and self-inflicted injury, failed to show prisoner "faced 'imminent danger of serious physical injury'" at the time of filing).

The Court has also considered but finds Gallegos's alleged verbal threats to reveal Williams's offense history to others, while concerning if true, do not, without more, suffice to show imminent danger. *See e.g., Ransom v. Corona*, 9 F. App'x 755, 756 (9th Cir. 2001) ("[W]ithout allegations of actual danger or threats related to being identified as a 'snitch,' Ransom's allegations were insufficient to state a claim."). While such claims *are* sufficient to satisfy the adverse action component of a First Amendment retaliation claim, *see e.g., Valandingham v. Bojorquez,* 866 F.2d 1135, 1141 (9th Cir. 1989), without any further allegation that either Gallegos or Beltran *actually* exposed Williams, or any indication of Williams having been thereafter targeted for attack or retribution as a result, these claims are insufficient to sustain both an Eighth Amendment violation and to demonstrate the "imminent danger" required to overcome § 1915(g)'s bar. *See Manago v. Cahow*, No. 5:20-cv-01220 MCS (KES), 2021 WL 621093, at *1 (C.D. Cal. Jan. 6, 2021) (finding snitch label, "without facts establishing actual or pending harm [to Plaintiff]" as a result,

was "merely speculative" and failed to "convey[] []either an imminent []or proximate danger"); *Adams v. Dahl*, No. 1:20-CV-00852-CDB PC, 2022 WL 16708264, at *3 (E.D. Cal. Nov. 4, 2022) (finding claims that guards retaliated against prisoner "by stalking, harassing, and threatening," and by "creat[ing] a dangerous environment by calling [him] a 'snitch' and a "piece of shit,'" insufficient to show "impending harm"); *Cruz v. Calderon*, No. 22-CV-05556-HSG, 2022 WL 18399570, at *3 (N.D. Cal. Dec. 16, 2022) (verbal threats unaccompanied by further action fail to satisfy § 1915(g)'s imminent danger exception); *Alkebu-Lan v. Hazelwood*, No. 21-CV-06063-JST, 2022 WL 19317, at *4 (N.D. Cal. Jan. 3, 2022) (finding allegations that prison officials "threatened [plaintiff's] life for appealing . . . disciplinary violations" insufficient to show imminent danger of serious physical injury at the time of filing).

## CONCLUSION

In light of the foregoing, the Court **DENIES** Williams's IFP Motion (ECF No. 2) as barred by 28 U.S.C. § 1915(g), **DISMISSES** this civil action **WITHOUT PREJUDICE** based on Williams's failure to pay the civil filing fee required by 28 U.S.C. § 1914(a), **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED.**

Dated: February 28, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge